The Court,

Gilpin, Ch. J.,

charged the jury.: That if the swine were'trespassing on, the premises of the defendant, and broke through his inclosures, which had- been found *442 by the fence-viewers to be lawful and sufficient fences, he had a right to take them up, and it was no conversion oh his part to impound them. But if while they were thus in his possession he killed any of them, or did any injury to them, by reason of which they died after he turned them out, it would, in the opinion of the Court, amount to such a destruction of the property as would constitute in law a conversion of it, and for which the present action would lie. If, however, the defendant killed them in the act of trespassing upon his corn, or shot them while running at large, and when they were not so in his possession, in consequence of which they either then or afterwards died, he. would not be liable in trover, but would be in trespass for the loss which the plaintiff had sustained by it. For the provision of the statute referred to had not abolished the distinction between the two actions, to the, extent suggested by the counsel for the plaintiff. The object of that provision, as we have frequently had occasion before to rule, was simply to abolish the technical and often refined distinction, existing at common law, between actions of trespass on the case for consequential damages and actions of trespass vi et armis for direct and immediate injuries, so far as the forms of the actions merely were concerned in such cases, and nothing more.
C. S. Layton, for plaintiff.
Robinson, for defendant.
Verdict for defendant. '